UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
UNITED STATES OF AMERICA, :
:
v. : **MEMORANDUM & ORDER**
: 12-CR-421 (WFK)
ANTHONY SAVARESE, :
:
Defendant. :
---------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** On July 27, 2012, Anthony Savarese ("Defendant") pled guilty to Count One of the Information. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to time served and a $100.00 special assessment.

## BACKGROUND

On July 27, 2012, the Government filed an Information charging Defendant with one count of conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). Sealed Information, ECF No. 42. The Information also included a criminal forfeiture allegation. *Id.* ¶¶ 2–3. On July 27, 2012, Defendant pled guilty to Count One of the Information pursuant to an agreement. *See* Agreement, ECF No. 44.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for

the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born on June 29, 1978 in Brooklyn, New York. Presentence Investigation Report ("PSR") ¶ 52, ECF No. 51. Defendant is one of two children born to the marital union of Anthony John Savarese and Debra Cohen. *Id.* Although his parents divorced approximately twenty years ago, Defendant advises he was raised in an intact family setting in a middle-income neighborhood in Staten Island, New York. *Id.* ¶¶ 52, 54, 58. His father died in 2018 from stomach cancer; his mother, who is in good health, remarried and resides with her husband in Florida. *Id.* ¶ 52. His mother was shocked when she learned of Defendant's involvement in the instant offense, describing him as a "good person, son and father who is a loving and

compassionate person." *Id.* ¶ 55. Defendant's brother resides in Pennsylvania, is aware of Defendant's conviction, and remains supportive. *Id.* ¶ 53.

Defendant graduated from Tottenville High School in Staten Island on June 26, 1997. *Id.* ¶ 66. He has held jobs as a janitor, security guard, and ticket clerk for the Long Island Railroad. *Id.* ¶¶ 67–68. On December 16, 2011, Defendant married Elizabeth Quinn, who currently works as an insurance underwriter. *Id.* ¶ 56. The couple has one child, Mackenzie. *Id.* Ms. Quinn described her husband as a "loyal and caring person," who used poor judgment when participating in the instant offense. *Id.* ¶ 57. Since approximately 2016, Defendant has been residing with his wife and daughter at the case address in Staten Island. *Id.* ¶ 59.

Defendant suffers from several physical conditions, including: migraines, vertigo, dizziness, syncope, seizures, hyperlipidemia, and hypertensive heart disease. *Id.* ¶ 62. He advised he also suffers from high blood pressure, glaucoma, and coronary vasospasm. *Id.* He reported no history of any mental or emotional health issues and no substance abuse issues. *Id.* ¶¶ 63–65.

The instant offense and investigation centered on an oxycodone distribution ring led by Lance Moskowitz. *Id.* ¶ 4. The Moskowitz organization utilized "straw buyers" including Defendant to obtain oxycodone prescriptions and to distribute the pills on behalf of the organization. *Id.* ¶¶ 10, 16. According to records obtained by the DEA from the New York State Bureau of Narcotics, Defendant purchased 3,500 30-milligram oxycodone pills from licensed pharmacies. *Id.* ¶ 17. Defendant is responsible for the distribution of 105 grams of oxycodone, which is a converted drug weight equivalent to 703.5 kilograms of converted drug weight. *Id.* ¶ 25.

**B. The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

Defendant's illegal conduct perpetuated the flow of dangerous and addictive substances into the community. The Court's sentence recognizes the seriousness of Defendant's offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity.

**C. The Kinds of Sentences Available**

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to the Count One of the Information, which charged Defendant with conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). *See* Agreement ¶ 1. By statute, Defendant faces a maximum term of imprisonment of twenty years. *See* 21 U.S.C. § 841(b)(1)(C). Defendant also faces a minimum term of supervised release of three years, *id*., although the Court may sentence Defendant without regard to this statutory minimum if it finds Defendant has satisfied the mitigating factors laid out in 18 U.S.C. § 3553(f)(1)(1)–(5), which Defendant has. Defendant is subject to a maximum fine of $1,000,000.00, 21 U.S.C. § 841(b)(1)(C), and a special assessment of $100.00, 18 U.S.C. § 3013. Defendant is statutorily eligible for between one and five years' probation because Count One is a Class C felony. *Id*. § 3561(c)(1).

**D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses**

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id*. § 3553(a)(4)(A).

The applicable Guideline for violations of 18 U.S.C. § 641 is Guideline § 2D1.1, which assigns a base offense level depending on the amount of drugs attributable to the defendant. Because Defendant is accountable for 703.5 kilograms of converted drug weight, PSR ¶ 35, the base offense level is 28. *See* United States Sentencing Commission, Guidelines Manual ("USSG") § 2D1.1(c)(6). Defendant has satisfied all the criteria of USSG § 5C1.2 and is therefore eligible for a two-level safety-valve reduction. USSG § 2D1.1(b)(18). Further, because Defendant was a minimal participant in the offense, the offense level is decreased by four levels. USSG § 3B1.2(a).

Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG § 3E1.1(a). Because the Government was notified in a timely manner of Defendant's intention to enter a plea of guilty, the offense level is decreased by one additional level. USSG § 3E1.1(b). Accordingly, Defendant's total offense level is 19.

Given a total offense level of 19 and a criminal history category of I, the Guidelines suggest a term of imprisonment of 30 to 37 months. USSG Ch. 5, Part A. All parties agree with this Guidelines calculation. *See* PSR ¶¶ 35–44; Def. Sentencing Mem. at 2, ECF No. 54 ("Def. Mem."); Gov't Sentencing Mem. at 3, ECF No. 66 ("Gov't Mem."). The Guidelines further recommend a term of supervised release of three years, *id.* § 5D1.2(a)(2), Application Note 2;

and a fine of between $10,000.00 and $1,000,000.00, *id.* § 5E1.2(c)(3). The Guidelines further suggest Defendant is ineligible for probation. *Id.* § 5B1.1 n.2.

Probation recommended a sentence of 15 months' custody, followed by a one-year term of supervised release with special conditions. Probation Sentencing Recommendation at 1, ECF No. 51-1. The Government requested a sentence below the applicable Guidelines range. Gov't Sentencing Mem. at 1, 4. Defense counsel requested a sentence of time served. Def. Mem. at 1. However, at the sentencing hearing all parties agreed a sentence of time served was appropriate.

**E. Pertinent Policy Statement(s) of the Sentencing Commission**

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). This factor is not relevant to Defendant's sentencing.

**F. The Need to Avoid Unwarranted Sentence Disparities**

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

**G. The Need to Provide Restitution**

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). This factor is not relevant to Defendant's sentencing.

## CONCLUSION

A sentence of time served and a $100.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report, barring any errors contained therein, to the extent it is not inconsistent with this opinion.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: November 25, 2020
Brooklyn, New York